" L " pillars near the center of the street. Before he got to the " L " pillars and when he was about half way across he was hit by defendant's horses approaching from the north, and received the injuries by the wheels of the wagon passing over him.

*Frederick W. Catlin, J. T. McEntee* and *Robert H. Woody* for appellant.

*George A. Hopkins, Louis P. Brown* and *Louis F. Stumpf* for respondent.

Judgments reversed and complaint dismissed, with costs in all courts on ground that the evidence does not tend to establish negligence on the part of defendant but does establish contributory negligence on the part of plaintiff.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

CHARLES S. WATERHOUSE, Appellant, *v.* JAMES IMBRIE et al., Doing Business as Private Bankers under the Firm Name of IMBRIE & Co., Respondents.

*Banks and banking — action against insolvent bankers to recover difference between amount of promissory note and value of collateral deposited as security. therefor — defense that transaction had been had with firm as brokers not as bankers.*

*Waterhouse* v. *Imbrie*, 206 App. Div. 695, affirmed.

(Argued November 27, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 5, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury. The action was brought by the plaintiff against the defendants doing business as private bankers under the name of Imbrie & Co., to recover a balance alleged to be due the plaintiff in the sum of $7,243.58, arising out of a transaction in which the plaintiff borrowed from the defendants the sum of $30,000 upon a demand promissory note, depositing as collateral therefor certain securities of the market

value approximating $38,000. The loan was made on September 23, 1920; on March 3, 1921, the affairs of the bankers became involved and their assets were taken over by the state banking department. On April 11, 1921, a claim was filed with the state banking department, setting forth the transaction, tendering payment of the amount with interest and demanding the return of the securities deposited, which claim was rejected by the state banking department. The question was as to whether the transaction in which the plaintiff had borrowed the money upon his note and deposited the securities as collateral therefor had been had with the defendants as private bankers, as claimed by the plaintiff, or whether, as claimed by the banking department, the transaction had been had with a separate firm composed of the same individuals as the defendants in this action, who were likewise copartners under the name of Imbrie & Co., transacting business as investment brokers.

*Ira Skutch* and *Eli S. Wolbarst* for appellant.

*John J. Curtin* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

ERIC M. DE SHERBININ, Respondent, *v.* BREMER-WALTZ CORPORATION, Appellant, Impleaded with Another.

*Contract — commissions — action to recover commissions on sale to foreign government.*

de Sherbinin v. Bremer-Waltz Corpn., 205 App. Div. 881, affirmed. (Argued November 27, 1923; decided December 27, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 14, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover commissions on an alleged sale of aluminum to the Russian government. The defense was a general denial. Also that the con-